1
2
3
4
5
6                       UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8  ROBERT A. STANARD,

9                         Plaintiff,          CASE NO. C19-0017-JLR-MAT

10        v.

11 SPECIAL INVESTIGATIVE AGENT               REPORT AND RECOMMENDATION
   NOLAN, *et al.*,
12
                          Defendants.
13

14          INTRODUCTION AND SUMMARY CONCLUSION

15          This is a civil rights action filed pursuant to *Bivens v. Six Unknown Federal Narcotics*

16  *Agents*, 403 U.S. 388 (1971). Plaintiff Robert Standard is currently confined at the Federal

17  Correctional Institution in Sheridan, Oregon ("FCI Sheridan"). However, the claims asserted in

18  this action arose out of plaintiff's pre-trial detention at the Federal Detention Center in SeaTac,

19  Washington ("FDC SeaTac"). Plaintiff alleges in this action that his First and Fifth Amendment

20  rights were violated when his public messaging account was suspended by an employee at FDC

21  SeaTac and when subsequent attempts to have his account reinstated through the Bureau of

22  Prisons' ("BOP") administrative remedy process were rejected. Plaintiff identifies the following

23  defendants in his complaint: Special Investigative Agent Nolan; FDC SeaTac Warden Dan Sproul;

REPORT AND RECOMMENDATION
PAGE - 1

BOP Western Regional Director Mary Mitchell; and, BOP National Inmate Appeals Administrator Ian Connors.  Plaintiff seeks monetary relief and a court order requiring the BOP to "implement or revise" the current administrative remedy process.

Defendants have filed a motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. 15.)  Plaintiff has filed a response in opposition to defendants' motion, and defendants have filed a reply brief in support of their motion.[1]  (Dkts. 22, 25.)  The Court, having reviewed defendants' motion, plaintiff's response thereto, and defendants' reply, concludes that defendants' motions to dismiss should be granted, and that plaintiff's complaint and this action should be dismissed with prejudice.

BACKGROUND

Plaintiff's complaint concerns access to the BOP's Trust Fund Limited Computer System ("TRULINCS") which allows inmates to communicate via email with BOP-approved contacts.  *See* Program Statement, ADM-TFB, 4500.12, March 14, 2018, Chapter 14.2.  Plaintiff asserts that during the month of September 2017, he discovered that messages he was attempting to send to his wife and mother through TRULINCS were not being received.  (Dkt. 6 at 5.)  Plaintiff was subsequently advised by defendant Nolan that his messaging account was being suspended because electronic messages plaintiff sent to his mother were posted on Facebook.  (*Id*. at 7.)  Plaintiff describes the information posted by his mother as "updates of my court hearings that were running their course through the Federal Courthouse in the Western District of Washington."  (*Id*.)

Plaintiff asserts that after being advised by defendant Nolan of the suspension of his public messaging account, he began seeking reinstatement of his account through the BOP's

---

[1]  Plaintiff also filed a response to defendants' reply (Dkt. 26), but that submission is not contemplated by the rules of this Court, *see* Local Civil Rule 7(b), and therefore will not be considered.

REPORT AND RECOMMENDATION
PAGE - 2

administrative remedy process. (*See id.* at 9-12.) Plaintiff submitted an institutional appeal to Warden Sproul, a regional appeal to Regional Director Mitchell, and a central office appeal to National Inmate Appeals Administrator Connors. (*Id.* at 11-12.) Plaintiff's TRULINCS suspension was affirmed at each level of administrative review based on the warden's discretion to limit or deny TRULINCS privileges when necessary to protect the safety, security, or orderly operation of the facility, or to protect the safety of the public and staff.[2] (*Id.* at 11-12, 26, 29, 38.)

Plaintiff maintains that none of the materials he forwarded to his wife or mother through the TRULINCS system were detrimental to the safety, security or orderly operation of the facility, nor did they interfere with protection of the public and staff. (*Id.* at 13.) Plaintiff maintains as well that no one, including his wife and mother, maintained an active Facebook page for him. Plaintiff also contends that the correspondence he received from his wife and mother through the TRULINCS system was not prohibited by BOP policies or regulations, and that the restrictions on his use of the TRULINCS system were not based on any incident reports he had received. (*Id.* at 14.)

Plaintiff alleges that defendant Nolan violated his First Amendment rights to free speech and freedom of the press, and his Fifth Amendment rights to due process and equal protection, when he suspended plaintiff's TRULINCS account and thereby restricted his ability to correspond with his wife and mother. (*Id.* at 16-17.) Plaintiff alleges that defendants Sproul, Mitchell, and Conners violated his First and Fifth Amendment rights as well when they failed to correct the unconstitutional conduct of defendant Nolan. (*Id.* at 16-18.)

/ / /

---

[2] Plaintiff's central office appeal was also denied based on mootness because plaintiff had by that time been transferred to FCI Sheridan where he again had email access. (Dkt. 6 at 38.)

REPORT AND RECOMMENDATION
PAGE - 3

<u>DISCUSSION</u>

A defendant may move for dismissal under Rule 12(b)(6) when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted).  The Court also liberally construes a *pro se* pleading.  *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

Plaintiff brings this action under *Bivens*, a case in which the Supreme Court recognized an implied action for damages against federal officers pursuant to the Fourth Amendment's prohibition against unreasonable searches and seizures. *Bivens*, 403 U.S. at 389, 397.  Since *Bivens* was decided in 1971, the Supreme Court has recognized *Bivens* claims in only two other instances. *See Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (allowing a damages remedy under the Fifth Amendment Due Process Clause against a congressman for gender discrimination); *Carlson v. Green*, 446 U.S. 14, 19 (1980) (allowing a damages remedy under the Eighth Amendment against

REPORT AND RECOMMENDATION
PAGE - 4

federal jailers for failure to provide adequate medical care to an inmate).

In a recent decision, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the Supreme Court made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and noted that it has "consistently refused to extend *Bivens* to any new context or new category of defendants" beyond those recognized in *Davis* and *Carlson*. *Id*. at 1857 (citations omitted). The *Ziglar* Court cautioned against expanding the *Bivens* remedy and set forth a two-step inquiry for courts to determine whether a *Bivens* claim should be allowed to proceed. *Id*. at 1857, 1859-60. First, a court must determine whether a plaintiff's claims arise in a new *Bivens* context. If a court concludes that the claims arise in a new context, it must then determine whether *Bivens* should be extended into that new context. *See id*. at 1857-58. A court can extend *Bivens* only if two conditions are met: (1) "the plaintiff must not have any other adequate alternative remedy"; and (2) "there cannot be any 'special factors' that lead [the court] to believe that Congress, instead of the courts, should be the one to authorize a suit for money damages." *Rodriguez v. Swartz*, 899 F.3d 719, 738 (9th Cir. 2018) (citing *Ziglar*, 137 S. Ct. at 1857-58).

Defendants argue in their motion to dismiss that plaintiff's complaint should be dismissed because plaintiff's First and Fifth Amendment claims arise in a new *Bivens* context, plaintiff has adequate alternative remedies available to him, and special factors counsel hesitation by the court in expanding *Bivens* remedies to these new constitutional claims. (*See* Dkt. 15 at 6.)

**A.    New *Bivens* Context**

A case presents a new *Bivens* context if the case is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court.]" *Id*. at 1859. In *Ziglar*, the Court explained that

[a] case might differ in a meaningful way because of the rank of the officers

REPORT AND RECOMMENDATION
PAGE - 5

involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 1860.

Plaintiff asserts claims for violations of his rights to freedom of speech and of the press (First Amendment), to due process (Fifth Amendment), and to equal protection (Fifth Amendment). The Supreme Court has never recognized a *Bivens* remedy for a First Amendment claim. *See Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012). The Ninth Circuit has previously held that *Bivens* may be extended to First Amendment claims. *See Gibson v. United States*, 781 F.2d 1334, 1342 (9th Cir. 1986); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 967 n.4 (9th Cir. 2009). However, both of these Ninth Circuit cases were decided prior to *Ziglar*, and *Ziglar* made clear that the relevant question is whether the *Bivens* context differs meaningfully from cases decided by the Supreme Court, not by lower courts. *See Ziglar*, 137 S. Ct. at 1859. Plaintiff's First Amendment claims present a new *Bivens* context.

Plaintiff's Fifth Amendment due process and equal protections claims likewise present a new *Bivens* context. The Supreme Court has recognized a *Bivens* remedy under the Fifth Amendment only in the context of an employment discrimination claim. *See Ziglar*, 137 S. Ct. at 1859. The Supreme Court has never recognized a *Bivens* remedy for Fifth Amendment due process or equal protection claims arising in the prison context. As it is clear that plaintiff's complaint alleges claims in a new context, the Court must next consider whether *Bivens* should be extended to this new context.

/ / /

REPORT AND RECOMMENDATION
PAGE - 6

2.    **Expansion of *Bivens* Remedies**

In determining whether *Bivens* should be extended into the new context presented by this case, the Court first considers whether plaintiff has adequate alternative remedies available to him. Defendants argue that plaintiff had several alternative remedies available to him including: (1) the Federal Tort Claims Act, (2) the BOP's administrative remedy program, (3) the Administrative Procedure Act, (4) the Prison Litigation Reform Act, and (5) injunctive relief.  (Dkt. 15 at 9-10.)

The Court is not convinced that plaintiff had available to him the plethora of remedies suggested by defendants. However, it is clear that plaintiff, at the very least, had remedies available to him under the BOP's administrative remedy program which he did, in fact, utilize in an effort to resolve his claims.  As explained by the Supreme Court in *Ziglar*, "the existence of alternative remedies usually precludes a court from authorizing a *Bivens* action."[3]  *Ziglar*, 137 S. Ct. at 1865.

The *Ziglar* Court also observed that "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation" in extending *Bivens*.  *Id*.  The Court went on to note:

> Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court.  So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs.  This Court has said in dicta that the Act's exhaustion provisions would apply to *Bivens* suits.  But the Act itself does not provide for a standalone damages remedy against federal jailers.  It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Id*. (internal citations omitted).  The fact that Congress has been active in the area of prisoner civil rights, and actually limited the scope of remedies available to prisoners through passage of the

---

[3]  The Supreme Court has explained that alternative remedies and a potential *Bivens* remedy "need not be perfectly congruent."  *Minneci v. Pollard*, 565 U.S. 118, 129 (2012).

REPORT AND RECOMMENDATION
PAGE - 7

Prison Litigation Reform Act, counsels against extension of the *Bivens* remedy in the context presented here.

## CONCLUSION

Based on the foregoing, this Court concludes that it would be inappropriate to extend the *Bivens* remedy to plaintiff's First and Fifth Amendment claims, and therefore recommends that defendants' motion to dismiss be granted.  A proposed Order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 15, 2019**.

DATED this 21st day of October, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8