UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT ALLEN STANARD,<br><br>                Plaintiff,<br>     v.<br><br>NOLAN, et al.,<br><br>                Defendants. | CASE NO. C19-0017JLR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND TERMINATING ACTION |

## I. INTRODUCTION

Before the court are Magistrate Judge Mary Alice Theiler's report and recommendation granting Defendant Sean Nolan, Dan Sproul, Ian Connors, and Mary Mitchell's (collectively, "Defendants") Motion to Dismiss and pro se Plaintiff Robert Stanard's objections thereto.[1] (*See* Objections (Dkt. # 81); R&R (Dkt. # 28); MTD (Dkt.

//

---

[1] The court granted in part Mr. Stanard's motion for an extension of time to file his objections and set a deadline of December 13, 2019. (*See* 11/7/19 Order.) Even so, Mr. Standard filed his objections five days late, on December 18, 2019. (*See* Objections at 1.)

# 15).) Defendants filed a response to Plaintiff's objections. (*See* Resp. (Dkt. # 32).) For the reasons discussed below, the court ADOPTS the report and recommendation and DISMISSES with prejudice Mr. Stanard's complaint.

## II. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* Because Mr. Stanard is proceeding *pro se*, this court must interpret his complaint and and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

## III. ANALYSIS

Mr. Stanard alleges in this *Bivens* action that his First and Fifth Amendment Rights were violated when his prison public messaging account was suspended by an employee at the SeaTac Federal Detention Center ("FDC") and when subsequent attempts to have his account reinstated through the Bureau of Prisons administrative remedy process were rejected. (*See* Compl. (Dkt. # 1-1) at 13-19.) Magistrate Judge

Theiler recommends granting Defendants' motion to dismiss on the basis that "it would be inappropriate to extend the *Bivens* remedy to plaintiff's First and Fifth Amendment claims." (*See* R&R at 8.)

Liberally construed, Mr. Stanard's late-filed objections to the report and recommendation present two issues for the court's review: (1) whether Magistrate Judge Theiler committed an error in her analysis whether the Bureau of Prisons administrative law remedy is adequate; (2) whether Magistrate Judge Theiler erred by finding that Congress, not the court, could authorize a suit for money damages. (*See generally* Objections; *see also* Resp.)

The court has thoroughly examined the record and finds Magistrate Judge Theiler's reasoning persuasive in light of the record and the applicable law. Mr. Stanard's objections raise issues that were properly analyzed in Magistrate Judge Theiler's report and recommendation. Magistrate Judge Theiler correctly applied United States Supreme Court authority making clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and noting that the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." (*See* R&R at 5 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)).) Mr. Stanard's objections provide no contrary authority. (*See generally* Objections.) Nevertheless, Magistrate Judge Theiler applied the two-step test for extending *Bivens* and concluded that Mr. Standard's claims do not meet that test. (*See* R&R at 5-8.) The court finds the report and recommendation persuasive and adopts it in full. Because amendment would be futile

//

given that Mr. Stanard does not have an actionable *Bivens* claim, the court dismisses his complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS Magistrate Judge Theiler's report and recommendation (Dkt. # 28) in its entirety;

(2) The court GRANTS Defendants' motion to dismiss for failure to state a claim (Dkt. # 15);

(3) The court DISMISSES Plaintiff's Civil Rights Complaint (Dkt. # 1-1) and this action WITH PREJUDICE; and

(4) The court DIRECTS the Clerk to send copies of this Order to Plaintiff, to counsel for Defendants, and to Magistrate Judge Theiler.

Dated this 14th day of January, 2020.

JAMES L. ROBART
United States District Judge